UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10577 PBS

| | |
|---|---|
| FIELD STAFF EMPLOYEES UNION,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN FEDERATION OF STATE,<br>COUNTY AND MUNICIPAL EMPLOYEES,<br>AFL-CIO, COUNCIL 93,<br><br>  Defendant | CIVIL ACTION NO.<br><br>RECEIPT #<br>AMOUNT $<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 3/24/04 |

MAGISTRATE JUDGE

**COMPLAINT**

1.  This is an action to confirm and enforce a labor arbitration award pursuant to section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2.  The Court has jurisdiction over this action pursuant to 29 U.S.C. § 185. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b).

3.  The Plaintiff Field Staff Employees Union ("FSEU") is the exclusive collective bargaining representative of a unit of employees of the defendant American Federation of State, County and Municipal Employees, AFL-CIO, Council 93. FSEU is a labor organization within the meaning of 29 U.S.C. §152(5).

4.  The defendant American Federation of State, County and Municipal Employees, AFL-CIO, Council 93 ("Council 93") is an employer

within the meaning of 29 U.S.C. § 152(2), and maintains a principal place of business in Boston, Massachusetts.

5. FSEU and Council 93 are parties to a collective bargaining agreement ("CBA") that has been in existence at all times relevant to this action. The CBA contains an arbitration term that provides, among other things, that the arbitrator's decision as to disputes submitted to arbitration is final and binding.

6. FSEU submitted to arbitration a grievance concerning Council 93's decision to transfer unit member Patricia Couhig from one assignment to another, against her will, and an arbitrator, Tim Buckalew, was selected to hear the dispute.

7. The arbitrator conducted an evidentiary hearing at which both sides appeared and had a full and fair opportunity to present evidence and argument. At the start of the arbitration, the powers stipulated that the issues for the arbitrator to decide were: "Did the Employer violate the collective bargaining agreement by the reassignment of Patricia Couhig in 2002? If so, what shall be the remedy?" Following the hearing, both sides submitted written arguments to the arbitrator in support of their respective contentions.

8. On or about January 18, 2004, the arbitrator issued his "Opinion and Award." [Hereinafter, "Buckalew award."] A true and accurate copy of that "Opinion and Award" is attached to this Complaint as Exhibit 1 and is expressly made a part of this complaint.

9. The arbitrator resolved the grievance in favor of the plaintiff. He summarized the basis for his decision in the concluding paragraph of his Opinion:

> In conclusion, the failure of Council 93 to demonstrate Couhig's reassignment was necessary under Paragraph J, and to solicit volunteers before selecting a bargaining unit member for involuntary transfer, and to apply inverse seniority in effecting the reassignment, violated the parties' collective bargaining agreement.

10. The arbitrator also determined that a remedy was in order, and in that same paragraph, directed that:

> [C]ouhig shall be returned to her former position *and Council 93 will cease and desist from effecting transfers without first soliciting volunteers, and it will implement transfers based on inverse seniority.* (emphasis added)

11. The Award portion of the arbitrator's "Opinion and Award" stated in full:

> "For the reasons stated above, Council 93 violated the contract when it transferred Patricia Couhig without the necessity for such transfer, when it failed to solicit volunteers for the position and when it failed to effect the transfer based on inverse seniority. She shall be returned to her former position *and Council 93 shall cease and desist from any similar violations of the agreement."* (Emphasis added).

12. The express terms of the Buckalew award show that the arbitrator intended that it apply prospectively.

13. Council 93 did not bring an action to vacate or modify the Buckalew award within the applicable 30-day limitations period.

3

14.     By letter dated January 26, 2004, Council 93 notified another unit member, Martha Fila, that she was being transferred to a new assignment. Fila had not requested nor assented to that transfer; rather, like the Couhig reassignment, it was involuntary.

15.     FSEU believes, and therefore alleges, that Council 93 had already received the Buckalew Award prior to informing Fila of the reassignment described in the preceding paragraph.

16.     Prior to effecting Fila's involuntary transfer, Council 93 did not solicit volunteers for the position assignment into which she was transferred. Fila was not the least senior unit member at the time she was involuntarily transferred.

17.     By effecting the Fila involuntary transfer in the manner described in the preceding paragraph, Council 93 has violated the provision of the Buckalew award that it cease and desist from any similar violations of the agreement.

18.     FSEU and Council 93 have a concrete dispute over Fila's involuntary transfer. FSEU has informed Council 93 that the Fila transfer is a violation of the Buckalew award, and, in order to safeguard its rights in the event that it is not successful in this action, it has also filed a contract grievance. Council 93 has acknowledged that it did not abide by the Buckalew Award in reassigning Fila, but has told the FSEU that it was not required to do so.

19.     There is no material factual difference between the new dispute between FSEU and Council 93 over the contractual propriety of

4

Fila's involuntary transfer and the dispute decided in the Buckalew Award that would justify an arbitrator in reaching a different conclusion.

**WHEREFORE**, the Plaintiff prays that the Court, after hearing,

- a) Issue an order declaring that the Buckalew Award binds Council 93 and FSEU and is judicially enforceable unless a material change of circumstance arises;

- b) Direct the entry of a judgment CONFIRMING and ENFORCING the Buckalew award;

- c) Declare that Council 93's decision to effect Fila's involuntary transfer violated the Buckalew Award because 1) Council 93 did not first solicit volunteers for the assignment into which Fila was transferred and 2) Fila was in any event not the least senior unit member.

- d) Order that Council 93 rescind Fila's involuntary reassignment and compensate her for any economic losses she has sustained in connection with the reassignment; and

- e) Award FSEU its costs, including its reasonable attorneys' fees, incurred in connection with this action.

Respectfully submitted,

For the Plaintiff,

By its attorneys,

*[signature]*

Alan J. McDonald, BBO #330960
James F. Lamond, BBO # 544817
McDonald & Associates
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01775
(508) 485 6600

Dated: March 23, 2004