UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



FIELD STAFF EMPLOYEES UNION,

    Plaintiff,

v.

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, COUNCIL 93,

    Defendant

CIVIL ACTION NO. 04-10577-PBS

**PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

1.    The Plaintiff Field Staff Employees Union ("FSEU") is the exclusive collective bargaining representative of a unit of employees of the defendant American Federation of State, County and Municipal Employees, AFL-CIO, Council 93. FSEU is a labor organization within the meaning of 29 U.S.C. §152(5). Complaint, ¶ 3, Answer, ¶ 3.

2.    The defendant American Federation of State, County and Municipal Employees, AFL-CIO, Council 93 ("Council 93") is an employer within the meaning of 29 U.S.C. § 152(2). Complaint, ¶ 4, Answer, ¶ 4.

3.    FSEU and Council 93 are parties to a collective bargaining agreement ("CBA") that has been in existence at all times relevant to this action. Complaint, ¶ 5, Answer, ¶ 5.

4. The CBA contains an arbitration term that provides, among other things, that the arbitrator's decision as to disputes submitted to arbitration is final and binding. Complaint, ¶ 5, Answer, ¶ 5.

5. In 2002, Council 93 involuntarily transferred Patricia Couhig, a member of the bargaining unit, from one assignment to another. Complaint, ¶ 6, Answer, ¶ 6; Award of Arbitrator, p. 8.

6. FSEU filed a contract grievance claiming that Council 93's involuntary transfer of Couhig from one assignment to another was in breach of the parties' CBA. That grievance was later submitted to arbitration and an arbitrator, Tim Buckalew, was mutually selected to hear the dispute. Complaint, ¶ 6, Answer, ¶ 6; Award of Arbitrator, p.8-9.

7. Arbitrator Buckalew conducted an evidentiary hearing at which both sides appeared, represented by counsel, and had a full and fair opportunity to present evidence and argument. At the start of the arbitration, the parties stipulated that the issues for the arbitrator to decide were: "Did the Employer violate the collective bargaining agreement by the reassignment of Patricia Couhig in 2002? If so, what shall be the remedy?" Following the hearing, both sides submitted written arguments to the arbitrator in support of their respective contentions. Complaint, ¶ 6, Answer, ¶ 6; Award of Arbitrator, p. 1-2.

8. On or about January 18, 2004, the arbitrator issued a written "Opinion and Award." Complaint, ¶ 8, Answer, ¶ 8; Complaint, Exhibit 1 (Hereinafter, "Award").

9. Arbitrator Buckalew resolved the grievance in favor of FSEU, finding that Council 93 had breached the CBA in effecting Couhig's involuntary transfer. Award, p. 27.

10. Arbitrator Buckalew expressly articulated in the concluding paragraph of his Opinion the ways in which Council 93 had breached the CBA in effecting Couhig's involuntary transfer. Award, p. 27. He wrote in this respect:

> [T]he failure of Council 93 to demonstrate Couhig's reassignment was necessary under Paragraph J, and to solicit volunteers before selecting a bargaining unit member for involuntary transfer, and to apply inverse seniority in effecting the reassignment, violated the parties' collective bargaining agreement.

11. Arbitrator Buckalew also determined that a remedy was in order, and in that same paragraph, directed that:

> [C]ouhig shall be returned to her former position and Council 93 will cease and desist from effecting transfers without first soliciting volunteers, and it will implement transfers based on inverse seniority.

Award, p. 27.

12. The Award portion of the arbitrator's "Opinion and Award" stated in full:

> "For the reasons stated above, Council 93 violated the contract when it transferred Patricia Couhig without the necessity for such transfer, when it failed to solicit volunteers for the position and when it failed to effect the transfer based on inverse seniority. She shall be returned to her former position *and Council 93 shall cease and desist from any similar violations of the agreement.*" (Emphasis added).

Award, p. 27.

13. Council 93 did not bring an action to vacate or modify the Award within the applicable 30-day limitations period. Complaint, ¶ 13, Answer, ¶ 13.

3

14. Following its receipt of the Buckalew award, Council 93 notified another unit member, Martha Fila, that she was being involuntarily transferred to a new assignment. Complaint, ¶ 14, Answer, ¶ 14.

15. Prior to effecting Fila's involuntary transfer, Council 93 did not solicit volunteers for the position assignment into which she was transferred. Complaint, ¶ 16, Answer, ¶ 16.

16. Fila was not the least senior unit member at the time she was involuntarily transferred. Complaint, ¶ 16, Answer, ¶ 16.

17. FSEU has challenged Fila's involuntary transfer as a violation of the CBA and the Buckalew award. Complaint, ¶ 18, Answer, ¶ 18.

        Respectfully submitted,

        For the Plaintiff,

        By its attorneys,

        *James F. Lamond*
        Alan J. McDonald, BBO #330960
        James F. Lamond, BB0 #544817
        McDonald & Associates
        Cordaville Office Center
        153 Cordaville Road, Suite 210
        Southborough, MA 01775
        (508) 485 6600

Dated: August 11, 2004

## CERTIFICATE OF SERVICE

I, James F. Lamond, hereby certify that I have this day by first-class mail, postage prepaid, served a copy of the foregoing "Plaintiff's Rule 56.1 Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried" upon John M. Carey, Esq., Hollender & Carey, 44 School Street, Suite 415, Boston, Massachusetts  02108.

Dated: August 11, 2004

*James F. Lamond*
James F. Lamond, BBO #544817