UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIELD STAFF EMPLOYEES UNION,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>AMERICAN FEDERATION OF  )<br>STATE, COUNTY AND MUNICIPAL,  )<br>EMPLOYEES, AFL-CIO, COUNCIL 93  )<br>  )<br>Defendant  )<br>  ) | Civil Action No. 04-10577-PBS |

## DEFENDANT'S OPPOSITION AND CROSS-MOTION
## FOR SUMMARY JUDGMENT
## AND MEMONRADUM IN SUPPORT OF THE REASONS
## WHY DEFENDANT'S MOTION SHOULD BE ALLOWED

### I. Motion

Defendant American Federation of State, County and Municipal Employees, Council 93 hereby opposes plaintiff's motion for summary judgment and moves for summary judgment in its favor pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1. The material facts of record as to which there is no genuine issue to be tried are contained in plaintiff's Local Rule 56.1 statement and the arbitral award, which is attached to the Complaint. The grounds for this opposition and motion are set forth below.

1

## II. Statement of Reasons Why Defendant's Motion Should Be Allowed

### A. The Complaint and the Prior Arbitral Award

Plaintiff is this action seeks to confirm and enforce an arbitral award regarding the 2002 reassignment of union member Couhig so as to preclude arbitration of a subsequent 2004 reassignment of union member Fila. Plaintiff's Memorandum at 9. The "FSEU is thus entitled to have the Couhig award enforced and judicially applied to the Fila dispute." Id.

In the Couhig grievance arbitration proceeding, plaintiff union contended that Couhig's reassignment was motivated by animus; that the reassignment was retaliatory and an abuse of management's power; and, that Couhig was mistreated and purged in an arbitrary and capricious violation of the collective bargaining agreement's provisions as to reassignment. Award at 20-21.

The arbitrator, however, decided the Couhig matter "without venturing into the morass posed by the insoluble differences in testimony." Award at 23. Rather than addressing the union's and employer's arguments, the arbitrator instead found that "…whatever Couhig's qualifications…this reassignment was carried out without any apparent attempt to solicit volunteers to fill the western office needs and without any application of Couhig's seniority as expressly mandated by the parties' agreement." Award at 26.

Consequently, the arbitrator held that the Couhig reassignment violated the collective bargaining agreement. The arbitrator issued a remedial order as follows: "To remedy the improper reassignment, Couhig shall be returned to her former position and Council 93 will cease and desist from effecting transfers without first soliciting volunteers, and it will implement transfers based on inverse seniority." Award at 27.

The new dispute between the parties pertains to the 2004 reassignment of union member Fila. It is undisputed that Fila has grieved the reassignment. It is also undisputed that Fila was neither a volunteer nor the least senior at the time of her reassignment. Plaintiff's summary judgment submission does not contain any other evidence as to the dispute pertaining to Fila.

## B. Analysis of Relevant Law

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In short, defendant submits that the relevant law demonstrates that the preclusive effect of the arbitral award involving Couhig should be determined by another arbitrator.

The Supreme Court has stated that "[b]ecause the authority of arbitrators is a subject of collective bargaining...the scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator." W.R. Grace & Co. v. Local Union 759, Int'l Union of Rubber Workers, 461 U.S. 757, 765 (1983). "Absent a contractual provision to the contrary, an arbitrator is free to decide that rigid adherence to a prior award would impair the process of flexibly resolving current or future disputes." Courier-Citizen Co. v. Boston Electrotypers Union No. 11, 702 F.2d 273, 280 (1st Cir. 1983).

In 2002, the Sixth Circuit noted that "the majority of other circuits that have examined this issue have held that arbitrators in labor disputes are not bound by the decisions of prior arbitrators unless the collective bargaining agreement so stipulates." International Union v. Dana Corporation, 278 F.3d 548, 555-556, (6th Cir. 2002), citing Courier-Citizen, supra; also citing

Bhd. of Maintenance of Way Employees v. Burlington N.R.R. Co., 24 F.3d 937, 940 (7th Cir. 1994)( "In the world of labor arbitration, the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider."); Gen. Comm. of Adjustment, United Transp. Union, W. Md. Ry. Co. v. CSX R.R Corp., 893 F.2d 584, 593 n. 10 (3rd Cir. 1990); Hotel Ass'n of Washington D.C. Inc. v. Hotel & Rest. Employees Union, Local 25, 963 F.2d 388, 390 (D.C. Cir. 1992) ("where the agreement is silent, the arbitrator may decline to follow arbitral precedent when his judgment is that the earlier decisions are erroneous.").

In International Union v. Dana Corp., the Sixth Circuit decided to "adopt the reasoning of the majority of other circuits to have examined this issue and hold that absent a contractual issue to the contrary, the preclusive effect of an earlier arbitration award is to be determined by the arbitrator." Id. at 557. In so doing, the Sixth Circuit expressly disapproved of the "material factual identity" test described in Oil Workers Int'l Union, Local 4-16000 v. Ethyl Corp., 644 F.2d 1044, 1050 (5th Cir. 1981) and relied upon by plaintiff in this case.. See id. at 555 n. 6. (The Sixth Circuit also disapproved of the "strict factual identity" test described in an Eighth Circuit case.) See id.

Thus, the weight of authority in other circuits and authority in the First Circuit establishes that the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider. See Westinghouse Elevators v. S.I.U de Puerto Rico, 583 F.2d 1184, 1187 (1978) (prior arbitration award had no precedential authority); see also Production Employees' Local 504 v. Roadmaster Corp., 916 F.2d 1161, 1162 (7th Cir. 1990) ("Whether more than one arbitrator can take a crack at interpreting the contract is itself a question of contractual interpretation.")

In the instant case, the arbitration award in the Couhig reassignment, which was outlined above, shows that neither the employer nor the union had "a crack" at the contractual interpretation fostered on the parties by the arbitrator. Because the parties' collective bargaining agreement does not contain a provision governing the application of prior awards to future disputes, a new arbitrator should be free to bring his or her judgment to bear on the Fila reassignment.

### D. Plaintiff's Reliance On Derwin Is Misplaced, Because The Case Did Not Establish A Substantive Legal Rule Applicable To This Case

Plaintiff relies upon a so-called "narrow exception" to the general rule, which is allegedly set forth in Derwin v. General Dynamics Corp., 719 F.2d 484 (1st Cir. 1973). Plaintiff's Memorandum at 6-7. Defendant urges the Court to reject plaintiff's attempt to circumvent the limited role of the federal courts in the labor arbitration process.

First, it must be noted that the Derwin was decided without regard to the Supreme Court's decision in W.R. Grace, supra. Second, a close examination of Derwin and Boston Shipping Association Inc. v. International Longshoremen's Association, 659 F.2d 1 (1st Cir. 1981) demonstrates that those cases fail to support plaintiff's reliance upon them.

In Boston Shipping Association, the employer sought enforcement of an arbitration award that "defined the geographic boundaries of Berth 13 at Castle Island terminal facility for the purposes of determining manning requirements" under the collective bargaining agreement. 659 F. 2d at 2.   The court stated:

> "We have little doubt that were a similar dispute concerning the boundaries of Berth 13 to arise, a future arbitrator would follow the earlier award…**However reasonable, we cannot approve an order requiring that result.**"
> Id. at 3; [emphasis added.]

5

The court expressly relied upon the rule as to the lack of preclusive effect as to arbitral awards. Id.; citing New Orleans S.S. Ass'n v. General Longshore Workers, Local No. 1418, 626 F.2d 455, 458 (5th Cir. 1980). Indeed, the court went on to note that the "**processing of even frivolous grievances may have a therapeutic effect in the industrial environment of which we who are unfamiliar with that setting may be only dimly aware.**" Id.; [emphasis added.]

The Boston Shipping Association court did apply the analysis of the Fifth Circuit decision in the Oil Workers case. However, the application of the analysis was expressly limited to the "interim, pending arbitration..." Id. The court noted that the arbitral award at issue "was not a discrete historical incident but rather the definition of a physical location. Id. Ultimately, the court determined that, where the only difference contended by the union was the force of a new bargaining agreement, the difference was not material. Id. at 4.

Consequently, the Boston Shipping Association court fashioned a careful and specific remedy for the employer:

> "BSA is entitled to enforce the arbitration award in the new contract term. This conclusion **does not foreclose the union from pursuing arbitration** or from attempting to negotiate a different agreement with BSA. In the interim, however, the award is controlling on the narrow issue it decided, and no other."
>
> Id. at 5 [emphasis added.]

In Derwin, the court referred to the "material identity" test of the Fifth Circuit Oil Workers case. However, the Derwin court did not apply the test because the "present case involves no such 'new dispute' to be distinguished (or not distinguished) from the one resolved by the arbitrator." 719 F.2d at 491.

6

Thus, a careful reading of <u>Boston Shipping Association</u> and <u>Derwin</u> shows that plaintiff is seeking to rely upon alleged substantive rules and purported narrow exceptions that simply do not stand. Rather, defendant again urges the Court to hold that the preclusive effect of the first arbitrator's decision in the Couhig dispute is an issue for a later arbitrator to consider in the Fila matter.

### E. **Assuming _Arguendo_ The Application Of A "Material Factual Identity" Test, The Dispute As To The Fila Reassignment Is Not "Beyond Argument" A Materially Identical Dispute**

In this case, the "beyond argument material factual identity" (<u>Derwin</u>, 719 F. 2d at 49) test fails in several respects. Specifically, Fila is a different employee seeking to contest her reassignment in 2004, while the facts on which the prior award was based pertained to Couhig in 2002.

While research did not disclose any case law on point, arbitral awards hold that, even where the same union and employer are involved, a prior arbitration decision is not res judicata in a subsequent grievance involving a different grievant. See <u>Universal Studios</u>, 78 L.A. 79, 83-84 (1984); <u>Carbon Fuel Co.</u>, 77 ARB sec. 8002 (1976). Although the union is a party to the proceeding, the grievant is the "real party in interest." See <u>Dresser Industries, Inc.</u>, 72 L.A. 138, 14-142 (1979).

This difference may (or may not) justify an arbitrator reaching a different conclusion. But, in light of the general rule as to the lack of preclusive effect of arbitral awards, the difference in grievants/ parties in interest and the separate reassignments clearly warrant a fresh arbitration rather than a judicial enforcement of the Couhig award to the Fila reassignment.

### III. Conclusion

For all the above reasons, defendant Council 93 respectfully requests that the Court enter summary judgment in its favor.

        Defendant,
        AMERICAN FEDERATION OF
        STATE, COUNTY AND
        MUNICIPAL EMPLOYEES,
        COUNCIL 93

        By its attorneys,

        */s/ John M. Carey*
        John M. Carey, BBO No. 549327
        Mary Jo Hollender, BBO No. 238380
        HOLLENDER & CAREY, LLP
        44 School Street, Suite 415
        Boston, MA 02108
        617-227-2566

Date:   September 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify under the penalties of perjury that a true copy of Defendant's Opposition and Cross-Motion For Summary Judgment And Memorandum In Support in Civil Action No. 04-10577-PBS was served upon the attorneys for all parties by mail.

*[signature]*

John M. Carey, Esq. #549327
Mary Jo Hollender, Esq. #238380
HOLLENDER & CAREY, L.L.P
44 School Street, Suite 415
Boston, Massachusetts 02108

Attorneys for AFSCME, Council 93

Dated: September 30, 2004