UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIELD STAFF EMPLOYEES UNION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN FEDERATION OF ) <br> STATE, COUNTY AND MUNICIPAL, ) <br> EMPLOYEES, AFL-CIO, COUNCIL 93 ) <br> ) <br> Defendant ) | Civil Action No. 04-10577-PBS |

**DEFENDANT'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION BY THE MAGISTRATE JUDGE
ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT**

**I.    Objections**

Pursuant to Fed. R. Civ. P. 72, defendant American Federation of State, County and Municipal Employees, Council 93, hereby objects to the Report and Recommendation of the Magistrate Judge regarding the cross-motions for summary judgment in this matter.

First, defendant objects to the Report's finding that "the Derwin court thus had the benefit of the Supreme Court decision" in W.R. Grace. See 461 U.S. at 766, 103 S.Ct. at 2183. [Report at 8.] There is simply no support for this conclusion. See Derwin, 719 F.2d at 491. Defendant therefore renews its argument that, in the wake of W.R. Grace, federal courts should abstain from entering the labor arbitration fray. See International Union v. Dana Corporation, 278 F.3d 548, 555-556, (6th Cir. 2002)(expressly disapproving of the "material factual identity" test

1

described in Oil Workers Int'l Union, Local 4-16000 v. Ethyl Corp., 644 F.2d 1044, 1050 (5th Cir. 1981)).

Second, defendant objects to the Report's analysis of Boston Shipping Association Inc. v. International Longshoremen's Association, 659 F.2d 1 (1st Cir. 1981).[Report at 6-7, 9-13.] There, the employer sought enforcement of an arbitration award that "defined the geographic boundaries of Berth 13 at Castle Island terminal facility for the purposes of determining manning requirements" under the collective bargaining agreement. 659 F. 2d at 2.   The court stated:

> "We have little doubt that were a similar dispute concerning the boundaries of Berth 13 to arise, a future arbitrator would follow the earlier award…**However reasonable, we cannot approve an order requiring that result.**"
> Id. at 3; [emphasis added.]

The court expressly relied upon the rule as to the lack of preclusive effect as to arbitral awards.  Id.; citing New Orleans S.S. Ass'n v. General Longshore Workers, Local No. 1418, 626 F.2d 455, 458 (5th Cir. 1980).  Indeed, the court went on to note that the "**processing of even frivolous grievances may have a therapeutic effect in the industrial environment of which we who are unfamiliar with that setting may be only dimly aware.**" Id.; [emphasis added.]

The Boston Shipping Association court did apply the analysis of the Fifth Circuit decision in the Oil Workers case. However, the application of the analysis was expressly limited to the "**interim, pending arbitration…**" Id. [emphasis added.]  The court noted that the arbitral award at issue "was not a discrete historical incident bur rather the definition of a physical location. Id. Ultimately, the court determined that, where the only difference contended by the union was the force of a new bargaining agreement, the difference was not material. Id. at 4.

Consequently, the <u>Boston Shipping Association</u> court fashioned a careful and specific remedy for the employer:

> "BSA is entitled to enforce the arbitration award in the new contract term. This conclusion **does not foreclose the union from pursuing arbitration** or from attempting to negotiate a different agreement with BSA. In the interim, however, the award is controlling on the narrow issue it decided, and no other."
>
> <u>Id.</u> at 5 [emphasis added.]

In contrast, the end result dictated by the instant Report and Recommendation would result in the foreclosure of the instant employer from arbitration. Stated otherwise, even where there are different grievants and different reassignments, an employer is foreclosed from arguing to a second arbitrator that the first arbitrator's award should not have preclusive effect. This result is contrary to federal labor policy for all the reasons set forth above and in the cases cited in Defendant's memorandum on the cross-motion for summary judgment.

## II.  Conclusion

For the above reasons and for the reasons stated in defendant's cross-motion for summary judgment, defendant Council 93 respectfully objects to the Magistrate Judge's Report and Recommendation.

> Defendant,
> AMERICAN FEDERATION OF
> STATE, COUNTY AND
> MUNICIPAL EMPLOYEES,
> COUNCIL 93
>
> By its attorneys,
>
> /s/ John M. Carey
> _____
> John M. Carey, BBO No. 549327
> Mary Jo Hollender, BBO No. 238380
> HOLLENDER & CAREY, LLP
> 44 School Street, Suite 415
> Boston, MA 02108
> 617-227-2566

Date:   November 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify under the penalties of perjury that a true copy of Defendant's Objections To The Magistrate Judge's Report and Recommendation in Civil Action No. 04-10577-PBS was served upon the attorneys for all parties by mail.

*/s/ John M. Carey*

John M. Carey, Esq. #549327
Mary Jo Hollender, Esq. #238380
HOLLENDER & CAREY, L.L.P
44 School Street, Suite 415
Boston, Massachusetts 02108

Attorneys for AFSCME, Council 93

Dated: November 29, 2004